UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23800-Civ-COOKE/TURNOFF

SELINA MILLER,

    Plaintiff
vs.

MELISSA ANDERSON, *et al*.,

    Defendants.
_____/

## ORDER OF DISMISSAL

THIS MATTER is before me on Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 3) and Plaintiff's Second Amended Complaint (ECF No. 10). I have reviewed the Plaintiff's filings, the record, and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's Second Amended Complaint is dismissed without prejudice.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A district court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). In this context, a lawsuit is frivolous if it lacks a legal basis or legal merit. *See Black's Law Dictionary*, 739 (9th ed. 2009). A complaint may be dismissed even before service of process, if the court determines "from the face of the complaint that the factual allegations are

clearly baseless or that the legal theories are indisputably meritless." *Davis*, 261 F. App'x at 234 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

On April 24, 2012, Plaintiff filed a Second Amended Complaint, asserting causes of action for intentional infliction of emotional distress, defamation, and stating that Defendants violated §§ 1983 and 1985. Defendants are Denzel Washington, Melissa Anderson, and Melkeisha Carter-Robinson. I will consider each claim in turn.

**A. Claims under §§ 1983 and 1985**

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "The dispositive

issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.*

To establish a claim under § 1985(3)[1], the plaintiff must show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997).  Title 42 U.S.C. § 1986 creates a right to recover damages against individuals who "knew of a § 1985 conspiracy and, having the power to prevent or aid in preventing the implementation of the conspiracy, neglected to do so. *Id.* at 1160.

As to the §§ 1983 and 1985 claims, the Second Amended Complaint continues to suffer from the same deficiencies that I pointed out in my two previous orders.  The Second Amended Complaint contains rambling, incoherent factual allegations, which do not constitute a short and plain statement of her claim.  Plaintiff cites to §§ 1983 and 1985, but, like her previous pleading, the Second Amended Complaint does not include a prayer for relief, does not identify what federal right is at issue, and does not state any facts from which I may infer that any defendant acted under color of state law.  Plaintiff also fails to provide any facts to support the existence of any understanding or agreement among the defendants for the purpose of depriving her of the equal protection of the laws or of the equal privileges and immunities under the laws, or any act in furtherance of such a conspiracy, which injured her.

---

[1] This Court assumes that this is the subsection under which Plaintiff seeks relief.  Subsection 1 prohibits conspiracies to prevent a U.S. officer from performing his or her duties.  Subsection 2 concerns conspiracies to obstruct justice or intimidation of a party, witness, or juror.  If Plaintiff seeks to state a claim under one of these subsections, she must state facts related to such claims.

As a result, these claims are dismissed, for the second time, without prejudice. Plaintiff shall have one more opportunity to provide a short and clear statement of facts that pertain to each of these claims. Plaintiff must allege facts to satisfy each element of a cause of action under §§ 1983 and 1985, as set forth above. Failure to do so will result in the dismissal of these claims with prejudice.

**B. Defamation**

To state a claim for defamation under Florida law, a plaintiff must allege "(1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." *Bush v. Raytheon Co.*, 373 F. App'x 936, 941 (11th Cir. 2010) (quoting *Valencia v. Citibank Int'l*, 728 So. 2d 330, 330 (Fla. Dist. Ct. App. 1999)). Read liberally, it appears that Plaintiff alleges that Defendants made false statements to third parties that she is a prostitute, that she authorized or agreed to participate in a "sex movie," and that Defendant Melissa Anderson falsely stated that she has nude pictures of Plaintiff.[2] Plaintiff, however, does not allege that the falsity of these statements caused actual injury to her.

This claim is dismissed without prejudice. Plaintiff may amend this claim by stating how the alleged defamatory statements have injured her. Plaintiff must also state which facts relate specifically to this claim. The facts should be set forth in a clear manner so as to provide notice to Defendants of the substance of her allegations. Failure to do so may result in the dismissal of these claims with prejudice.

**C. Intentional Infliction of Emotional Distress**

To make out a prima facie case for intentional infliction of emotional distress, a plaintiff must allege: "(1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to

---

[2] Plaintiff's Second Amended Complaint also includes incoherent factual allegations regarding "cognitive therapy treatment" to treat a "severe mental disorder" but it is entirely unclear how these facts relate, if at all, to any of Plaintiff's claims.

4

the probability of causing, emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) that the conduct complained of caused the plaintiff's severe emotional distress." *Elger v. Martin Mem'l Health Sys., Inc.*, 6 F. Supp. 2d 1351, 1354 (S.D. Fla. 1998). To establish the first element of the claim, a plaintiff must allege conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. (quoting *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985)). "The question of what constitutes outrageous conduct is a matter of law to be resolved by the court." *Id*.

Read liberally, this Court infers that Plaintiff is attempting to allege that Defendants' alleged false statements that she is a prostitute, that she authorized or agreed to participate in a "sex movie," and that Defendant Melissa Anderson stated that she has nude pictures of Plaintiff amounts to the intentional infliction of emotional distress. Plaintiff's intentional infliction of emotional distress claim does not appear to be based on factual allegations independent of the alleged defamation. For this reason alone, it cannot stand. *See Boyles v. Mid-Florida Television Corp.*, 431 So. 2d 627, 636 (Fla. Dist. Ct. App. 1983) (holding that intentional infliction of emotional distress claim should have been dismissed on the ground that the "outrageous conduct" alleged was the defamation; thus, "it [did] not set forth an *independent* tort for the recovery of damages for emotional distress."). Further, Plaintiff fails to allege that any of the Defendants acted with the intent to cause, or with reckless disregard to the probability of causing, emotional distress, that she suffered severe emotional distress, or that Defendants' actions caused her to suffer such severe emotional distress.

I will dismiss Plaintiff's intentional infliction of emotional distress claim without prejudice. Plaintiff is ordered to amend her claim by setting forth a short, plain statement of

facts that relate to this particular claim. Plaintiff must state facts to satisfy each of the elements of the cause of action. These facts must be independent of the facts that are the basis of her defamation claim. That is, the intentional infliction of emotional distress claim must be based on facts other than the defamatory remarks that constitute the defamation claim. Failure to correct the deficiencies explained above may result in the dismissal of this claim with prejudice.

It is therefore **ORDERED and ADJUDGED** that the Plaintiff's Second Amended Complaint (ECF No. 5) is **DISMISSED** without prejudice. I will grant Plaintiff another opportunity to amend her complaint, if she wishes to do so. Plaintiff shall file her Third Amended Complaint within fourteen days from the date of this Order. All pending motions, if any, are **DENIED** as moot. The Clerk is directed to **CLOSE** this case for *statistical purposes only*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of May 2012.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*
*Selina Miller*, pro se